**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2012

No. 10-51062
Summary Calendar

Lyle W. Cayce
Clerk

EDDIE LAVAN KEARSE,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10-CV-105

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Eddie Lavan Kearse, Texas prisoner #1376414, appeals the district court's denial of his 28 U.S.C. § 2254 petition, which challenged his 2006 murder conviction. The district court granted Kearse a certificate of appealability to appeal one issue, whether Kearse was denied effective assistance of counsel as a result of counsel's failure to object to certain out-of-court statements on Confrontation Clause grounds.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review this issue de novo. *See Richards v. Quarterman*, 566 F.3d 553, 561 (5th Cir. 2009). Because Kearse's ineffective assistance claim was adjudicated on the merits by the state court, the district court was prohibited from granting habeas relief unless the state court's decision was (1) contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court, or (2) was based on an unreasonable assessment of the facts in light of the evidence in the state proceedings. *See* § 2254(d)(1) & (2). It was Kearse's burden to show that "there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011). To be entitled to relief from the state court on his claim that he was denied effective assistance of counsel, Kearse had to show both deficient performance by counsel and resulting prejudice. *Id.* at 787; *see Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong defeats the claim. *Strickland*, 466 U.S. at 697. To show prejudice, Kearse was required to show a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different, and that counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable. *Richter*, 131 S. Ct. at 787-88.

The gist of Kearse's argument is that, but for counsel's allegedly deficient performance, there was no evidence that he intended to kill the victim or cause him serious bodily injury. Kearse's intent could be inferred from his use of a deadly weapon in a deadly manner. *See Adanandus v. State*, 866 S.W.2d 210, 215 (Tex. Crim. App. 1993). The evidence shows that Kearse began to retreat when he thought the victim was reaching for a gun, but instead of retreating, Kearse armed himself, turned, and shot the victim three times. Moreover, Kearse had not shown that the alleged error had any impact on the jury's rejection of his claim of self-defense because he had a duty and an opportunity to retreat but, instead armed himself, turned, and shot the victim three times. *See* TEX. PENAL CODE ANN. § 9.32(a)(2) (West 2003).

Even if counsel had objected to the out-of-court statements on Confrontation Clause grounds and the trial court had sustained the objection and excluded Melanie's statements, the evidence of Kearse's guilt was overwhelming. Kearse failed to show a reasonable probability that, but for counsel's allegedly deficient performance, the result of the proceeding would have been different, and that counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable. *See Richter*, 131 S. Ct. at 787-88. Thus, Kearse not only failed to show that counsel's allegedly deficient performance prejudiced him, but he also failed to show that the state habeas court unreasonably applied *Strickland* to his ineffective assistance of counsel claim. Accordingly, the district court's judgment is AFFIRMED.